FILED

2013 FEB -8 PM 3: 57

CLERK U.S. DISTRICT COURT
CENTRAL DIST. OF CALIF.
LOS ANGELES

BY _____

UNITED STATES DISTRICT COURT

FOR THE CENTRAL DISTRICT OF CALIFORNIA

October 2012 Grand Jury

**CR13-0098**

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | CR 13- _____ |
| Plaintiff, | ) | I N D I C T M E N T |
| v. | ) | [18 U.S.C. § 1341: Mail Fraud; 18 U.S.C. § 1343: Wire Fraud; |
| DANIEL CHRISTIAN STANLEY POWELL, aka "Daniel C.S. Powell," | ) | 18 U.S.C. § 1512(c)(2): Obstruction of Justice; 18 U.S.C. § 2(b): Causing an Act To Be Done] |
| Defendant. | ) | |

The Grand Jury charges:

COUNTS ONE THROUGH FIVE

[18 U.S.C. § 1341]

A.   INTRODUCTORY ALLEGATIONS

1.   At all times relevant to this Indictment:

a.   Defendant DANIEL CHRISTIAN STANLEY POWELL, also known as ("aka") "Daniel C.S. Powell" ("defendant POWELL"), was a resident of Los Angeles County, California, within the Central District of California;

b.   Defendant POWELL owned, operated, and controlled Christian Stanley, Inc., Christian Stanley, L.L.C., Daniel Christian Stanley Powell Realty Holdings, Inc., and related

entities (collectively, "Christian Stanley").  Christian Stanley was an investment company, among other things, located in Los Angeles, California, within the Central District of California.

        c.  Defendant POWELL controlled Bank of America account number XXXXX-X2239 (the "B of A Account").

B.  THE SCHEME TO DEFRAUD

    2.  Beginning in or about March 2009, and continuing through in or about July 2011, in Los Angeles County, within the Central District of California, and elsewhere, defendant POWELL, together with others known and unknown to the Grand Jury, knowingly and with intent to defraud, devised, participated in, and executed a scheme to defraud individuals and entities (collectively, the "victims") as to material matters, and to obtain money and property from victims by means of material false and fraudulent pretenses, representations, and promises, and the concealment of material facts relating to their investments with Christian Stanley.

    3.  The fraudulent scheme operated, in substance, in the following manner:

        a.  Defendant POWELL solicited funds from the victims by falsely representing, and causing others to falsely represent, that:

        (i)  The funds from the victims would be used by Christian Stanley to purchase life insurance policies from individual policy holders at their present value, which defendant POWELL termed "reverse life insurance policies;"

        (ii)  The funds from the victims would be used to

1   develop natural resources, such as a gold mine in Nevada;

2                   (iii) The victims would receive "debentures" from

3   Christian Stanley that were secured by:

4                           (a) Reverse life insurance policies;

5                           (b) A gold mine in Nevada; and/or

6                           (c) Coal leases in Kentucky;

7                   (iv)  Christian Stanley owned reverse life

8   insurance policies, a gold mine in Nevada, and coal leases in

9   Kentucky;

10                  (v)   Christian Stanley would pay the victims

11  specific rates of interest over specific periods of time, after

12  which it would return their investments; and

13                  (vi)  Christian Stanley was profitable and

14  successful.

15          b.   Also as part of the fraudulent scheme, defendant

16  POWELL failed to disclose to, and concealed from, the victims the

17  following material facts, among others:

18                  (i)   Christian Stanley did not own any reverse

19  life insurance policies;

20                  (ii)  Christian Stanley did not own any gold mines

21  in Nevada;

22                  (iii) Christian Stanley did not own any coal

23  leases in Kentucky;

24                  (iv)  Christian Stanley was not profitable; and

25                  (v)   Defendant POWELL was spending the victims'

26  investment money on the following:

27                          (a) Commissions to debenture sales people;

28

                                    3

1                    (b)  Daily living expenses for defendant

2    POWELL;

3                    (c)  Luxury automobiles;

4                    (d)  Non-business, personal expenditures for

5    defendant POWELL;

6                    (e)  Rent for various individuals;

7                    (f)  Donations relating to a tribute to

8    Michael Jackson and another foundation;

9                    (g)  Non-business payments to defendant

10   POWELL's family members; and

11                   (h)  Non-business luxury goods for defendant

12   POWELL.

13        c.    Also as part of the scheme to defraud, defendant

14   POWELL concealed his material misrepresentations and omissions

15   from the victims, and lulled, and caused others to lull, the

16   victims into maintaining their investments with defendant POWELL

17   by:

18                   (i)   Using the funds invested by other victims

19   to make interest payments to the victims;

20                   (ii)  Sending purported refunds of the victims'

21   investments;

22                   (iii) Misrepresenting how the victims' funds were

23   being spent;

24                   (iv)  Misrepresenting the profitability and

25   success of Christian Stanley;

26                   (v)   Misrepresenting that defendant POWELL and/or

27   Christian Stanley had over one million dollars in bank accounts;

28

4

(vi)   Asking the victims to sign false affidavits in an attempt to clear himself of wrongdoing and enticing the victims to do so by misrepresenting that the affidavits would help defendant POWELL prevail in a civil case filed by the U.S. Securities and Exchange Commission and would allow defendant POWELL to refund the investments made by the victims; and

(vii) Using the funds invested by the victims to promote the business.

4.   In connection with this scheme to defraud, defendant POWELL defrauded approximately 50 victims out of approximately $4.5 million.

C.   THE USE OF THE MAILS

5.   On or about the dates set forth below, in Los Angeles County, within the Central District of California, and elsewhere, defendant POWELL, for the purpose of executing and attempting to execute the above-described scheme to defraud, caused the following items to be placed in an authorized depository for mail matter to be sent and delivered by the United States Postal Service or a private or commercial interstate carrier, as specified below, according to the directions thereon:

| COUNT | DATE | ITEM MAILED |
|---|---|---|
| ONE | September 11, 2010 | An envelope containing investment documents that was delivered by the U.S. Postal Service from A.W. to Christian Stanley |
| TWO | April 12, 2011 | An envelope containing investment documents that was delivered by Federal Express from J.L. to defendant POWELL |

5

| COUNT | DATE | ITEM MAILED |
|-------|------|-------------|
| THREE | June 13, 2011 | An envelope containing a letter that was delivered by the U.S. Postal Service or a private or commercial interstate carrier from defendant POWELL to K.S. |
| FOUR | August 30, 2011 | An envelope containing investment documents and a check that was delivered by Federal Express from R.R. to defendant POWELL |
| FIVE | September 1, 2011 | An envelope containing a check for $10,000 that was delivered by Federal Express from defendant POWELL to A.K. |

6

COUNTS SIX THROUGH TEN

[18 U.S.C. § 1343]

6.    The Grand Jury repeats and re-alleges paragraphs one through four of this Indictment as though fully set forth herein.

D.    THE USE OF THE WIRES

7.    On or about the dates set forth below, in Los Angeles County, within the Central District of California and elsewhere, defendant POWELL, for the purpose of executing the above-described scheme to defraud, transmitted, and caused the transmission of, the following items by means of wire and radio communication in interstate and foreign commerce:

| COUNT | DATE | ITEM WIRED |
|-------|------|-----------|
| SIX | June 21, 2010 | Wire of $59,855 from First Community Bank, Inc. through the Federal Reserve Wire Network in New Jersey, to the B of A Account in California |
| SEVEN | July 1, 2010 | Wire of $9,955 from First Community Bank, Inc. through the Federal Reserve Wire Network in New Jersey, to the B of A Account in California |
| EIGHT | September 10, 2010 | Wire of $50,000 from Boulder Dam Credit Union through the Federal Reserve Wire Network in New Jersey, to the B of A Account in California |
| NINE | May 19, 2011 | Wire of $119,600 from U.S. Bank through the Federal Reserve Wire Network in New Jersey, to the B of A Account in California |
| TEN | May 26, 2011 | Wire of $60,000 from Susquehanna Bank through the Federal Reserve Wire Network in New Jersey, to the B of A Account in California |

7

COUNT ELEVEN

[18 U.S.C. §§ 1512(c)(2), 2(b)]

8.   The Grand Jury repeats and re-alleges paragraphs one and two of this Indictment as though fully set forth herein.

9.   On or about January 10, 2012, in Los Angeles County, within the Central District of California, and elsewhere, defendant POWELL corruptly obstructed, influenced, and impeded, and corruptly attempted to obstruct, influence, and impede an official judicial proceeding, namely, <u>Securities and Exchange Commission v. Christian Stanley, Inc., et al.</u>, Case No. 11-CV-7147-GHK (MANx) (hereinafter, the "SEC civil case"), by knowingly and willfully persuading victim S.S. to execute an affidavit containing materially false, misleading, and evasive statements. Defendant POWELL did so by misrepresenting to victim S.S. that the affidavit would help defendant POWELL prevail in the SEC civil case and enable defendant POWELL to refund victim S.S.'s investment in Christian Stanley.

10.   The affidavit contained the following materially false, misleading, and evasive statements, among others:

a.   Victim S.S.'s investment was a private loan rather than a security;

b.   Victim S.S. understood that her investment would be used to pay Christian Stanley's operational expenses;

c.   Christian Stanley and defendant POWELL had disclosed to victim S.S. that Christian Stanley had not generated sufficient revenue to make interest payments to investors and was making those payments from the victims' investments; and

8

        d.    Victim S.S. had read the allegations in the complaint filed in the SEC civil case and believed that the allegations were false.

COUNT TWELVE

[18 U.S.C. §§ 1512(c)(2), 2(b)]

11.   The Grand Jury repeats and re-alleges paragraphs one
and two of this Indictment as though fully set forth herein.

12.   On or about January 31, 2012, in Los Angeles County,
within the Central District of California, and elsewhere,
defendant POWELL corruptly obstructed, influenced, and impeded,
and corruptly attempted to obstruct, influence, and impede an
official judicial proceeding, namely, <u>Securities and Exchange
Commission v. Christian Stanley, Inc., et al.</u>, Case No. 11-CV-
7147-GHK (MANx) (hereinafter, the "SEC civil case"), by knowingly
and willfully persuading victim H.B. to execute an affidavit
containing materially false, misleading, and evasive statements.
Defendant POWELL did so by misrepresenting to victim H.B. that
the affidavit would help defendant POWELL prevail in the SEC
civil case and enable defendant POWELL to refund H.B.'s
investment in Christian Stanley.

13.   The affidavit contained the following materially false,
misleading, and evasive statements, among others:

a.   Victim H.B.'s investment was a private loan rather
than a security;

b.   Victim H.B. understood that her investment would
be used to pay Christian Stanley's operational expenses;

c.   Christian Stanley and defendant POWELL had
disclosed to victim H.B. that Christian Stanley had not generated
sufficient revenue to make interest payments to investors and was
making those payments from the victims' investments; and

10

1          d.    Victim H.B. had read the allegations in the

2    complaint filed in the SEC civil case and believed that the

3    allegations were false.

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

COUNT THIRTEEN

[18 U.S.C. §§ 1512(c)(2), 2(b)]

14.  The Grand Jury repeats and re-alleges paragraphs one and two of this Indictment as though fully set forth herein.

15.  On or about February 22, 2012, in Los Angeles County, within the Central District of California, and elsewhere, defendant POWELL corruptly obstructed, influenced, and impeded, and corruptly attempted to obstruct, influence, and impede an official judicial proceeding, namely, Securities and Exchange Commission v. Christian Stanley, Inc., et al., Case No. 11-CV-7147-GHK (MANx) (hereinafter, the "SEC civil case"), by knowingly and willfully persuading victim A.K. to execute an affidavit containing materially false, misleading, and evasive statements. Defendant POWELL did so by misrepresenting to victim A.K. that the affidavit would help defendant POWELL prevail in the SEC civil case and enable defendant POWELL to refund victim A.K.'s investment in Christian Stanley.

16.  The affidavit contained the following materially false, misleading, and evasive statements, among others:

a.  Victim A.K.'s investment was a private loan rather than a security;

b.  Victim A.K. understood that her investment would be used by Christian Stanley for general business purposes;

c.  Christian Stanley and defendant POWELL had disclosed to Victim A.K. that Christian Stanley had not generated sufficient revenue to make interest payments to investors and was making those payments from the victims' investments; and

12

1          d.    Victim A.K. was familiar with the allegations in

2   the complaint filed in the SEC civil case and believed that the

3   allegations were false.

4

5

                         A TRUE BILL

6

7                            /5/

8                         _____
                          Foreperson

9

10   ANDRÉ BIROTTE JR.
     United States Attorney
11   *Donn*
12   Dorothy C. Kim
     Dep. Chief, Crim. Div. FOR .
13   ROBERT E. DUGDALE
     Assistant United States Attorney
14   Chief, Criminal Division

15   RICHARD E. ROBINSON
     Assistant United States Attorney
16   Chief, Major Frauds Section

17   JILL T. FEENEY
     Assistant United States Attorney
18   Deputy Chief, Major Frauds Section

19   STEPHEN I. GOORVITCH
     Assistant United States Attorney
20   Major Frauds Section

21

22

23

24

25

26

27

28

                              13