UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CRIMINAL MINUTES – GENERAL**

Case No.  CR 13-00098-JLS                                                              Date:  September 30, 2014

Present:  **HONORABLE JOSEPHINE L. STATON, UNITED STATES DISTRICT JUDGE**

Interpreter     NONE

| Terry Guerrero | NONE | NOT PRESENT |
|---|---|---|
| *Deputy Clerk* | *Court Reporter/Recorder* | *Assistant U.S. Attorney* |

| U.S.A. v. Defendant(s): | Present | Cust. | Bond | Attorneys for Defendant: | Present | App. | Ret. |
|---|---|---|---|---|---|---|---|
| (1) Daniel Powell | Not | | X | Correen Ferrentino | Not | X | |

**PROCEEDINGS:  (IN CHAMBERS)  ORDER GRANTING IN PART DEFENDANT'S MOTION FOR RECONSIDERATION (DOC. 233)**

On September 19, 2014, this Court denied defendant Daniel Powell's Ex Parte Application to File Pretrial Motions after Deadlines Due to the Government's Filing of the Superseding Indictment after the Motions Deadline.  (Motion, Doc. 230.)  This denial was predicated on the ground that the First Superseding Indictment made only clerical changes to the Original Indictment.  Defendant now brings a Motion for Reconsideration asking this Court to grant him leave to file additional pretrial motions with respect to the First Superseding Indictment and related grand jury proceedings.  (Motion, Doc. 233.)

In the preamble to the First Superseding Indictment, the duration of the scheme to defraud was expanded from July 2011 to February 2012.  Defendant argues that this is not a typographical error because the expansion permits the Government to: (1) argue that the mailings sent after Christian Stanley, Inc. ceased operations after its assets were frozen in August 2011 furthered the scheme to defraud; and (2) introduce additional circumstantial evidence of intent to defraud with respect to the obstruction of justice counts.  While defendant concedes that he was on notice of the allegations against him, he states that "he was not on notice that his conduct as it related to the obstruction of justice counts could be construed as a part of the alleged scheme to defraud investors."  (Motion at 7.)

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CRIMINAL MINUTES – GENERAL**

Case No.  CR 13-00098-JLS                                                                 Date:  September 30, 2014

The change in the date from July 2011 to February 2012 may not have been a typographical error but it was a clerical error.  The substantive provisions of the Original Indictment made clear that the scheme to defraud continued past July 2011 and continued through February 2012.  Specifically, Counts Four and Five of the Original Indictment were based on mailings dated August 30, 2011, and September 1, 2011, respectively.  The Original Indictment also contained three counts of obstruction of justice occurring on January 10, 2012 (Count Eleven), January 31, 2012 (Count Twelve), and February 22, 2012 (Count Thirteen).  Thus, the July 2011 date in the Original Indictment's preamble was clearly a clerical error.  Accordingly, the Court rejects Defendant's argument that the Government has impermissibly expanded the time frame of the alleged scheme.

The Court also rejects Defendant's argument that he was not on notice that the obstruction of justice counts could be used as evidence of the scheme to defraud.  The Original Indictment alleged that Defendant concealed his material misrepresentations and omissions from the victims, and lulled the victims into maintaining their investments with Defendant, by:

> Asking the victims to sign false affidavits in an attempt to clear himself of wrongdoing and enticing the victims to do so by misrepresenting that the affidavits would help defendant POWELL prevail in a civil case filed by the U.S. Securities and Exchange Commission and would allow defendant POWELL to refund the investments made by the victims[.]

(Original Indictment ¶ B(3)(c)(vi).)   Even if the Government had not alleged the acts of obstruction of justice as part of the fraudulent scheme, the law is well established that acts of obstruction are admissible in fraud cases as they may prove consciousness of guilt.  *See, e.g., United States v. Poulsen*, 655 F.3d 492, 508-09 (6th Cir. 2011) (holding that evidence of witness tampering was admissible to show consciousness of guilt during separate trial on securities fraud charges); *United States v. Triumph Capital Grp., Inc.*, 544 F.3d 149, 160 (2d Cir. 2008) (recognizing that "[defendant's] efforts to obstruct the investigation evidence a

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CRIMINAL MINUTES – GENERAL**

| | |
|---|---|
| Case No.  CR 13-00098-JLS | Date:  September 30, 2014 |

consciousness of guilt that further supports the jury's verdicts" for bribery and wire fraud).  Thus, the Government need not even allege acts of obstruction in order to place a defendant on notice that such evidence may be introduced at trial.  Defendant's lack of notice argument is therefore rejected as it does not support his Motion.

　　　Despite the above rulings, the Court has considered the proposed motions Defendant would file if granted leave to do so.  Defendant states that he intended to file a motion pursuant to Federal Rule of Criminal Procedure 48 in which he would argue that the Government impermissibly delayed in bringing the charges in the First Superseding Indictment to the grand jury.  *See* Fed. R. Crim. P. 48(b)(1).  Such a motion is foreclosed for lack merit as there are no additional charges in the First Superseding Indictment.  Defendant also states that he intended to file a motion to disclose the grand jury transcripts relating to the First Superseding Indictment because the case agent's testimony was markedly different from his previous testimony.  Although the Government has not yet decided whether it will produce the grand jury transcripts, this proposed motion may prove necessary.  Accordingly, in the interest of justice, Defendant is granted leave to bring a motion to compel the disclosure of grand jury transcripts if the Government decides not to produce them.  The text box denial included in Document 230 is hereby modified to the limited extent of permitting Defendant to bring a motion to compel, and only a motion to compel, if needed.  The Government is directed to order the grand jury transcripts on an expedited basis so that it may inform Defendant of its decision regarding production at the earliest possible date.

　　　　　　　　　　　　　　　　　　　　　　　Initials of Preparer: tg